**John L. Laskey (JL1424)**
**STARK & STARK**
**A Professional Corporation**
**993 Lenox Drive**
**Lawrenceville, New Jersey 08648**
**(609) 896-9060**
**Attorneys for Steward Financial Services**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>TIPHANY DELGADO,<br><br>Debtor. | Case No. 16-32992(JNP)<br><br>Chapter 13 |

**OBJECTION OF STEWARD FINANCIAL SERVICES**
**TO DEBTOR'S MOTION TO REIMPOSE STAY**

**Date of Hearing:  February 7, 2017 at 10:00 am**

Steward Financial Services ("**Steward**"), a creditor and party in interest, by and through its attorneys, Stark & Stark, a Professional Corporation, objects to the Debtor's motion to reimpose stay, and in support thereof, says:

1. The Debtor is indebted to Steward pursuant to the terms of a retail installment sale contract dated April 30, 2015 (the "**Contract**").  Pursuant to the Contract, the Debtor purchased a 2011 Kia Optima (the "**Vehicle**") and agreed to pay $14,214.70, together with interest at a rate of 21.99%, by making 72 monthly payments of $357.08 beginning May 30, 2015.

2. The Debtor failed to make the payments of $357.08 due on October 30, 2016 and November 30, 2016.

3. The Debtor filed a Chapter 13 petition on December 1, 2016 (the "**Petition Date**").  As of that date, the Debtor was indebted to Steward in the principal sum of $12,434.52,

together with interest in the sum of $410.90, and late charges of $17.85 for a total indebtedness of $12,863.27, including arrears of $731.94.

4. The Debtor filed her schedules and Chapter 13 plan on December 22, 2016. The Vehicle was identified on Schedule B with a value of $11,000.00. The debt to Steward was identified on Schedule D as $12,434.00.

5. The Chapter 13 plan filed by the Debtor proposed to pay to the Chapter 13 trustee $365.00 per month for 60 months. From this total, the plan provides for payments totaling $2,810.00 to her attorney, $2,550.00 to Ditech, $172.00 to CCMUA, $260.00 to Camden, and $11,000.00 plus interest at 4.5% for a total of $13,909.00 to Steward. The plan did not provide for any adequate protection payments to Steward.

6. Steward filed a motion for relief from the automatic stay on December 30, 2016. Steward sought relief from the automatic stay for cause including a lack of adequate protection and because the plan failed to comply with the requirements of the Bankruptcy Code. The motion was unopposed and was granted by order entered January 24, 2017.

7. The Debtor has asked the court to reimpose the stay, claiming that she proposes to pay Steward in full through the plan and that she is not required to provide adequate protection to Steward. Neither claim has any merit.

8. In her schedules, the Debtor represented that the Vehicle was worth $11,000.00 and that the debt to Steward was $12,434.00. Despite the provisions of Section 1325(a)(9), the plan specifically states that the debt to Steward is $12,434.00 but proposes to pay only $11,000.00 plus interest at 4.5% to Steward. Pursuant to Section 1325(a)(9), Steward is entitled to be paid its entire claim, $12,863.27, plus a reasonable rate of interest. A rate of 4.5% is not reasonable.

9. Moreover, Steward is entitled to receive adequate protection payments to compensate it for the Debtor's post-petition use of the Vehicle resulting in depreciation. The Debtor has continued to use the Vehicle for more than two months since the Petition Date, while not providing any compensation to Steward. Under the plan as proposed, Steward will not receive anything for at least eight months.

10. While the Debtor may not be familiar with the requirements of the Bankruptcy Code, her attorneys certainly are. They knew that the plan did not comply with the requirements of the Bankruptcy Code and that this motion has no basis in law or fact.

11. The Debtor's motion is frivolous on its face. The motion should be denied and her attorneys should be sanctioned for filing the motion.

STARK & STARK
A Professional Corporation
Attorneys for Steward Financial Services

By: /s/ John L. Laskey
    John L. Laskey

Dated: February 6, 2017

4850-3175-7890, v. 1