UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

**Order Filed on February 16, 2017 by Clerk U.S. Bankruptcy Court District of New Jersey**

In Re:
Tiphany M. Delgado

Case No.: 16-32992-JNP

Adv. No.:

Hearing Date: February 7, 2017

Judge: Poslusny

## CONSENT ORDER RESOLVING MOTION FOR TO REIMPOSE STAY AND PROVIDING FOR ADEQUATE PROTECTION

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**.

**DATED: February 16, 2017**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

4839-8247-0466, v. 1

In order to resolve he Debtor's motion to reimpose the stay as to Steward Financial Services ("Steward"), the Debtor's Chapter 13 plan is amended as follows:

1. Steward holds a secured claim in the sum of $12,863.27. The claim shall be paid in full by the Chapter 13 trustee, together with interest at a rate of 5.75%.

2. The Chapter 13 trustee shall make monthly adequate protection payments to Steward in the sum of $180.00 beginning as of January 2017 until such time as all administrative and priority claims have been paid in full. All such payments shall be applied to Steward's secured claim. Once all administrative and priority claims have been paid in full, the trustee will increase the monthly payments to Steward.

3. If in any month there are insufficient funds on hand to pay both counsel fees and adequate protection payments, then funds on hand shall be used to pay adequate protection payments first, with the remaining balance going to counsel fees.

4. In the event the case confirms and there are insufficient funds on hand to completely pay all administrative expenses, then the creditor will receive adequate protection payments after confirmation so that the plan complies with 11 U.S.C. 1325, 1326, and 361.

5. If the Debtor fails to make her monthly payment to the Chapter 13 trustee within 30 days of its due date, Steward may obtain an order vacating the automatic stay as to the Vehicle by filing with the court a certification of default specifying the Debtor's failure to comply with this order. At the time the certification is filed with the court, copies of the certification shall be mailed to the Debtor, the Debtor's attorney, and the Chapter 13 trustee.

6. Steward is awarded attorney fees of $350.00 and costs of $181.00 which shall be payable by the Chapter 13 Trustee as an administrative claim.

The undersigned consent to the entry of the foregoing order:

Stark & Stark, P.C.
Attorneys for Steward Financial Services

By: _____
John L. Laskey

Jenkins & Clayman
Attorneys for the Debtor

By: _____
Eric Clayman

4839-8247-0466, v. 1