**Last revised: August 1, 2017**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: 16-32992 |
| Tiphany M. Delgado | Judge: |
| Debtor(s) | |

## Chapter 13 Plan and Motions

☐ Original        ☒ Modified/Notice Required        Date: 12/20/17

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: EJC        Initial Debtor: TMD        Initial Co-Debtor: _____

| Part 1: | Payment and Length of Plan |
|---|---|

$4,258 is the total paid through 12/15/17; then $250/month starting January 2018 for final 38 months (50 months total).

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection** ☒ **NONE**

     a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

     a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 300 to modify plan  $200 to file notice of settlement pleading |
| DOMESTIC SUPPORT OBLIGATION | | |

     b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**
The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Ditech | Mortgage on residence | $4,838 | N/A | $4,838 | Resume 1/2017 |
| CCMUA | Sewer | $245 | N/A | $245 | Resume 1/2017 |
| City of Camden | Water/Sewer | $260 | N/A | $260 | Resume 1/2017 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

4

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Steward Financial Services | 2010 KIA | 11,000 | 3,909 |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

| **g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE** | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

### Part 5:   Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ _____0_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6:   Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Jenkins & Clayman
3) Ditech
4) CCMUA & City of Camden

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification** ☐ **NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 12/21/16 .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| 1. Vehicle was totalled secured by Steward | 1. To note surrender of vehicle |
| 2. Claims differed from plan | 2. Match plan with claims |
| | 3. Reduce Trustee payment and term of plan |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 12/19/17          /s/ Eric J. Clayman
                        Attorney for the Debtor

Date: 12/19/17          /s/ Tiphany M. Delgado
                        Debtor

Date: _____       /s/ _____
                        Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 12/19/17 /s/ Eric J. Clayman
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 12/19/17 /s/ Tiphany M. Delgado
Debtor

Date: _____ /s/
Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:  
Tiphany M. Delgado  
    Debtor

Case No. 16-32992-JNP  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1    User: admin    Page 1 of 2    Date Rcvd: Dec 22, 2017  
                      Form ID: pdf901    Total Noticed: 31

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 24, 2017.

```
db          +Tiphany M. Delgado,    3137 S. Congress Rd,    Camden, NJ 08104-3115
cr          +Steward Financial Services,    c/o Stark & Stark,    993 Lenox Drive,
              Lawrenceville, NJ 08648-2316
516529166   +Advocare Berlin Medical Assoc.,    c/o IC System Inc.,    PO Box 64437,
              Saint Paul, MN 55164-0437
516529167    Advocare Ped and Adult Med,    PO Box 3001,    Voorhees, NJ 08043-0598
516529168   +Bail Bonds of America,    c/o Saludutti Law Group,    800 Kings Hwy N,
              Cherry Hill, NJ 08034-1511
516580808   +CAMDEN COUNTY MUA,    1645 FERRY AVE,    CAMDEN NJ 08104-1311
516529170   +CCMUA,    Po Box 1105,    Bellmawr, NJ 08099-5105
516529169   +Capital One,    PO Box 30285,    Salt Lake City, UT 84130-0285
516529171    City of Camden,    PO BOX 52747,    Phoenix, AZ 85072-2747
516529172   +Cooper,    c/o Convergent Healthcare Recoveries, In,    121 NE Jefferson St.,    Suite 100,
              Peoria, IL 61602-1229
516529173    Cooper University Health Care,    PO Box 95000-4345,    Philadelphia, PA 19195-4345
516529175    Emerg Phy Assoc North Jersey,    c/o Akron Billing Center,    PO Box 740021,
              Cincinnati, OH 45274-0021
516529176   +Emerg Phys of South Jersey,    c/o Account Resolution Services,    1643 N. Harrison Pkwy,
              Building H Suite 100,    Fort Lauderdale, FL 33323-2857
516529177   +Hometown Family Dentistry,    402 S. White Horse Pike,    Magnolia, NJ 08049-1061
516529179    Laboratory Corp of America Collections,    PO Box 2240,    Burlington, NC 27216-2240
516529181    PSE&G,    PO Box 14444,    New Brunswick, NJ 08906-4444
516529182    South Jersey Radiology,    c/o REMEX Inc.,    PO Box 765,    Rocky Hill, NJ 08553-0765
516658961    Steward Financial Services,    Stark & Stark,    993 Lenox Drive,    Lawrenceville, NJ 08648-2389
516529184   +The Cooper Health System,    c/o Quality Asset Recovery,    7 Foster Ave, Ste 101,
              Gibbsboro, NJ 08026-1191
516529185    Virtua Health,    PO Box 8500-8267,    Philadelphia, PA 19178-8267
516529178   #+infinite Endodontics,    9 E. Main St.,    Moorestown, NJ 08057-3382
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg          E-mail/Text: usanj.njbankr@usdoj.gov Dec 22 2017 22:15:45     U.S. Attorney,    970 Broad St.,
              Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 22 2017 22:15:41     United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
              Newark, NJ 07102-5235
516750499    E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 22 2017 22:17:20
              American InfoSource LP as agent for,    Verizon,    PO Box 248838,
              Oklahoma City, OK  73124-8838
516734192    E-mail/Text: bankruptcy.bnc@ditech.com Dec 22 2017 22:15:26
              Ditech Financial LLC fka Green Tree Servicing LLC,    P.O. Box 6154,
              Rapid City, South Dakota 57709-6154
516529174    E-mail/Text: bankruptcy.bnc@ditech.com Dec 22 2017 22:15:26     Ditech Financial, LLC,
              PO BOX 6172,    Rapid City, SD 57709-6172
516626956   +E-mail/Text: bankruptcy@pseg.com Dec 22 2017 22:15:00     PSE&G Attn: Bankruptcy Dept,
              PO Box 490,    Cranford, NJ 07016-0490
516529180   +E-mail/Text: bankruptcy_notifications@ccsusa.com Dec 22 2017 22:16:46     Progressive,
              c/o Credit Collection Service,    PO BOX 607,    Norwood, MA 02062-0607
516529183   +E-mail/Text: jchrist@stewardfs.com Dec 22 2017 22:15:50     Steward Financial Services,
              PO BOX 39,    Maple Shade, NJ 08052-0039
516654422   +E-mail/PDF: gecsedi@recoverycorp.com Dec 22 2017 22:17:14     Synchrony Bank,
              c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
516529186   +E-mail/Text: JCAP_BNC_Notices@jcap.com Dec 22 2017 22:15:59     Wachovia Bank Checking,
              c/o Jefferson Capital Systems, LLC,    16 McLeland Rd.,    Saint Cloud, MN 56303-2198
                                                                                               TOTAL: 10
```

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
516816333*     Ditech Financial LLC fka Green Tree Servicing LLC,    P.O. Box 6154,
               Rapid City, South Dakota 57709-6154
                                                                                         TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

```
District/off: 0312-1          User: admin                Page 2 of 2                  Date Rcvd: Dec 22, 2017
                              Form ID: pdf901            Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 24, 2017                                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 20, 2017 at the address(es) listed below:

```
              Denise E. Carlon    on behalf of Creditor    Ditech Financial LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Eric   Clayman    on behalf of Debtor Tiphany M. Delgado jenkins.clayman@verizon.net
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Jeffrey E. Jenkins    on behalf of Debtor Tiphany M. Delgado jenkins.clayman@verizon.net,
               jenkins.clayman@verizon.net
              John L. Laskey    on behalf of Creditor    Steward Financial Services jlaskey@stark-stark.com,
               jgould@stark-stark.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                          TOTAL: 7
```